**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| NATALIE PRATHER, Special Administrator of the Estate of Billy Jo Johnson, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 6:23-cv-00187-RAW-JAR |
| JOHN CHRISTIAN, Sheriff of Pontotoc County, | ) ) ) | |
| Defendant. | ) ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Natalie Prather, Special Administrator of the Estate of Billy Jo Johnson, deceased, brings this action against Defendant John Christian, Sheriff of Pontotoc County, pursuant to 42 U.S.C. § 1983 for alleged violations of the Eighth Amendment during the decedent's incarceration at Pontotoc County Criminal Justice Center ("PCCJC") in Ada, Oklahoma. Pending before the court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted. [Docket No. 7].

**Allegations**

In her Second Amended Complaint, Plaintiff alleges that Billy Jo Johnson was housed at PCCJC in a segregated cell with inmate Kalup Allen Born. While facing charges for various violent crimes, Born was placed in solitary confinement for concealing a makeshift shank. At some point Born rigged the door of his segregated cell in order to follow Johnson into the shower block. As Johnson emerged from a stall, Born knocked him to the concrete floor and

1

stomped on his head repeatedly. Although security cameras recorded the entirety of Born's escape and attack, PCCJC personnel did not timely intervene and Johnson died from his injuries a few days later. Plaintiff ultimately asserts that Defendant – as the sheriff responsible for managing PCCJC operations in accordance with Oklahoma law – is liable under § 1983 for Eighth Amendment violations arising from his deliberate indifference to the safety and security of inmates, including the decedent. In his Motion to Dismiss, Defendant argues (1) Plaintiff's § 1983 claim should be dismissed against him in his individual capacity; (2) Plaintiff's § 1983 claim should be dismissed against him in his official capacity, and (3) Defendant is entitled to qualified immunity in his individual capacity.

## Analysis

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether a plaintiff has stated a claim upon which relief may be granted. The inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)). In order to survive a Rule 12(b)(6) dismissal motion, a plaintiff must "nudge [][her] claims across the line from conceivable to plausible." Id. (*quoting* Twombly, 550 U.S. at 570). Thus, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe

2

that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Id.

**First**, Defendant moves to dismiss the § 1983 claim asserted against him in his individual capacity. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009). A supervisor, such as Defendant, is not liable under § 1983 "unless an 'affirmative link' exists between the deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Specht v. Jensen, 832 F.2d 1516, 1524 (10th Cir. 1987) (citations omitted). While Defendant argues he did not "personally participate" in the alleged deprivation of the decedent's constitutional rights, "personal involvement does not require direct participation because § 1983 states '[a]ny official who 'causes' a citizen to be deprived of her constitutional rights can also be held liable.'" Dodds v. Richardson, 614 F.3d 1185, 1195 (10th Cir. 2010) (citations omitted). Public officials may very well "cause" a deprivation of inmate rights by failing to fulfill a statutory duty. *See e.g.,* Butler v. City of Norman, 992 F.2d 1053, 1055 (10th Cir. 1993) (noting an official may be liable under § 1983 for "failure to supervise").

Indeed, Plaintiff points to Oklahoma law imposing certain duties upon Defendant as the Sheriff of Pontotoc County. *See e.g.,* 19 Okla. Stat. § 513 ("The sheriff shall have the charge and custody of the jail of his county, and all the prisoners in the same, and shall keep such jail himself, or by his deputy or jailer, for whose acts he and his sureties shall be liable"); Id. § 513.1 ("Every sheriff

3

shall require appropriate training for jailers"); Id. (Sheriffs "shall comply with all minimum supervision standards pursuant to the jail standards promulgated by the State Department of Health"). A sheriff violates these duties if he "knew or should have known of the [alleged] misconduct" and "yet failed to prevent future harm." Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir. 2010). Plaintiff accordingly argues that Defendant *should have* been more involved with operations at PCCJC and *should have* known inadequate security measures and/or understaffing could expose inmates to violent attacks from fellow prisoners. Defendant's deliberate indifference toward his statutory duties, as Plaintiff contends, resulted in the alleged misconduct. Therefore, Plaintiff has stated a plausible § 1983 claim against Defendant in his individual capacity.

**Second**, Defendant moves to dismiss the § 1983 claim asserted against him in his official capacity. "A [§ 1983] suit against a municipality and a suit against a municipal official acting in his official capacity is the same." Myers v. Okla. Cnty. Bd. Of Cnty. Comm'rs, 151 F.3d 1313, 1316 n. 2 (10th Cir. 1998). To establish municipal liability under § 1983, a plaintiff must show: "(1) the existence of a municipal policy or custom and (2) a direct causal link between the policy or custom and the injury alleged." Graves v. Thomas, 450 F.3d 1215, 1218 (10th Cir. 2006). A plaintiff can demonstrate a "municipal policy or custom" through, for example, an officially promulgated policy or deliberately indifferent training that results in the violation of federally protected rights. *See e.g.,* Brammer-Hoelter v. Twin Peaks Charter Acad., 602 F.3d 1175, 1189 (10th Cir. 2010); Connick v. Thompson, 563 U.S. 51, 61 (2011). Here, Plaintiff alleges that

4

deliberate indifference on the part of Defendant who, as Sheriff, was responsible for operations at PCCJC, allowed for a dangerous inmate to break free from a segregated cell and fatally attack a fellow inmate without detection. Plaintiff claims this event could have been avoided if Defendant had properly staffed, trained, and supervised jail operations in accordance with Oklahoma law. Therefore, Plaintiff has stated a plausible § 1983 claim against Defendant in his official capacity.

**Third**, Defendant claims he is entitled to dismissal of the suit against him by virtue of qualified immunity. Government officials are entitled to qualified immunity "shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987). This inquiry turns on "the 'objective legal reasonableness' of the action [] assessed in light of the legal rules that were 'clearly established' at the time it was taken[.]" Id. (*quoting* Harlow v. Fitzgerald, 457 U.S. 800, 819 (1982)). In its prohibition of "cruel and unusual punishment," the Eighth Amendment imposes duties on prison officials, who must, for example, "take reasonable measures to guarantee the safety of [] inmates." Hudson v. Palmer, 468 U.S. 517, 526-527 (1984); *see* Wilson v. Seiter, 501 U.S. 294, 303 (1991) (describing "the protection [an inmate] is afforded against other inmates" as a "conditio[n] of confinement" subject to the strictures of the Eighth Amendment). Here, Plaintiff plausibly alleges that any reasonable sheriff would understand the security precautions at PCCJC were inadequate and allowed for a dangerous prisoner like Kalup Born to escape

5

solitary confinement and violently attack the decedent without intervention from jail staff. The decedent's constitutional right to be free from cruel and unusual punishment was violated, according to Plaintiff, by Defendant's failure to do his duty under Oklahoma law in the operation of PCCJC and the supervision of his subordinates. Accordingly, Defendant's dismissal request on grounds of qualified immunity is denied.

## Conclusion

Therefore, for the above and foregoing reasons, the Magistrate Judge recommends that the Motion to Dismiss filed by Defendant John Christian, Sheriff of Pontotoc County, [Docket No. 7] should be **DENIED**. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file any objections with the Clerk of the court any objections. Any such objection shall be limited to ten (10) pages in length. Failure to object to the Report and Recommendation within fourteen (14) days will preclude review of this decision by the District Court. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

DATED this 26th day of December, 2023.

JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF OKLAHOMA